**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GABRIEL O. HUNTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-0529** |
| **MARCUS MYERS, WARDEN** | **SECTION: "A"(5)** |

**REPORT AND RECOMMENDATION**

Petitioner, Gabriel O. Hunter, a Louisiana state prisoner, filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[1]   According to his federal application and associated attachments, he is challenging his November 2018 conviction for molestation of a juvenile and 50-year sentence imposed in Orleans Parish Criminal District Court.[2]   However, he successfully appealed that conviction and sentence.   On May 27, 2020, the Louisiana Fourth Circuit Court of Appeal vacated his conviction and sentence for unconstitutional error (i.e., a non-unanimous jury verdict under *Ramos v. Louisiana*, 140 S.Ct. 1390 (2020)), and remanded the matter.[3]   On February 17, 2021, the Louisiana Supreme Court denied his related writ application as moot.[4]   His new trial is currently set for June 7,

---

[1]   Rec. Doc. 1, Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus.

[2]   On August 10, 2017, Hunter was indicted by a grand jury on one count of aggravated rape.   He was convicted of the lesser included offense of molestation of a juvenile.   *State v. Hunter*, 2019-KA-0901, 2020 WL 2751914, at *1 (La. App. 4 Cir. 5/27/2020).

[3]   *State v. Hunter*, 2019-KA-0901, 2020 WL 2751914 (La. App. 4 Cir. 5/27/2020). His *pro se* request for a rehearing was denied on July 30, 2020.   Rec. Doc. 1-4, p. 19.

[4]   *State v. Hunter*, 2020-KH-1360, 2021 WL 613158 (La. 2021), 2021 WL 613158. This writ denial also encompassed the denial of his motion to quash filed in the state trial court and the denial of his supervisory writ by the Louisiana Fourth Circuit, Rec. Doc. 1-4, p. 27; *State v. Hunter*, 2020-K-0270 (La. App. 4 Cir. July 1, 2020).   According to Hunter, he also filed numerous *pro se* motions in the state trial court after the Louisiana Fourth Circuit vacated his conviction.   These apparently included a motion to quash, a request for

2021.[5]

On or about March 4, 2021, Hunter filed the instant 28 U.S.C. § 2254 application for habeas corpus relief.    In his application, Hunter asserts nine claims for relief related to the vacated conviction and sentence.[6]    In his prayer for relief, he requests a stay of the criminal retrial pending a hearing and ruling by this Court on his insufficiency-of-the-evidence claims.[7]    In connection with the petition, he also filed a request for emergency stay of the pending criminal trial in the state trial court.[8]

The United States district courts have "jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.' "    28 U.S.C. § 2241(d); *Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct.

---

production of documents, a motion for recusal, a motion for indefinite continuance, a motion to disqualify the indigent defender's office, and a motion to continue trial.    *See* Rec. Doc. 1-5, pp. 23-49.    He also sought related mandamus relief in the appellate court, which was denied.    *See* Rec. Doc. 1-5, p. 11, *State v. Hunter*, 2020-K-0637 (La. App. 4 Cir. Dec. 15, 2020). His related supervisory writ application in the Louisiana Supreme Court was denied.    *See* Rec. Doc. 1-4, p. 40, *State v. Hunter*, 2021-KH-00056 (La. 2021), 2021 WL 613241.

[5] This information was obtained from the Orleans Parish Criminal District Court's Docket Master in Case No. 536-435 "H" (Docket Entry 1/21/2021), and accessed through the Orleans Parish Sheriff's Office official website at https://www.opso.us.

[6] Rec. Doc. 1-1.

[7] Rec. Doc. 1, Petition, p. 11; *see also* Rec. Doc. 1-1, p. 26.    Hunter appears to be under the mistaken impression that he might obtain an acquittal and dismissal of his indictment and relief from retrial by continuing to challenge his vacated conviction in the state and federal courts.    His federal petition is very clear that he is seeking to challenge his November 2018 conviction for molestation of a juvenile.    However, Hunter is currently a pretrial detainee awaiting trial once again on criminal charges, and any claims he may have in that capacity in this Court related to the constitutionality of his pretrial detention could be raised only in the context of a petition filed pursuant to 28 U.S.C. § 2241.

[8] Rec. Doc. 4.

2

1923, 104 L.Ed.2d 540 (1989) (quoting 28 U.S.C. § 2241(c)(3) (2006)) (emphasis added); 28

U.S.C. § 2254(a) (2006); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (To be

eligible for federal habeas corpus relief, a petitioner must be "in custody" and have exhausted

state court remedies).    The United States Supreme Court has interpreted this statutory

language to require that the habeas petitioner be "in custody" for the conviction or sentence

under attack at the time the petition is filed.    *Lackawanna County Dist. Attorney v. Coss*, 532

U.S. 394, 401, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7, 118

S.Ct. 978, 140 L.Ed.2d 43 (1998) (whether a petitioner is "in custody" is determined as of the

date on which the habeas petition is filed); *Maleng*, 490 U.S. at 490–91 (citing *Carafas v.

LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)); *Port v. Heard*, 764 F.2d

423, 425 (5th Cir. 1985).    Here, the federal application and accompanying attachments

demonstrate that Hunter is not in custody for the 2018 molestation of a juvenile conviction.

That conviction was vacated by the state appellate court on May 27, 2020.    The Louisiana

Supreme Court did not overturn the ruling and the decision is final.    Subsequently, in

March 2021, he filed the instant federal petition in this Court challenging the vacated

conviction.    However, Hunter is currently confined pending a new trial before the Orleans

Parish Criminal District Court.    Because Hunter is not in custody for the conviction he

challenges, this Court is without jurisdiction to consider Hunter's claims related to his

vacated state conviction for molestation of a juvenile.    *Robinson v. Cain*, Civ. Action 07-

3651, 2010 WL 3170257, at *5 and n. 25 (E.D. La. March 19, 2010), *adopted* 2010 WL

3170081 (E.D. La. Aug. 6, 2010).    He is not entitled to federal habeas relief from a

conviction and sentence that was vacated by the state courts.[9]

---

[9] Rule 4 of the Rules Governing Section 2254 Cases in the United States District

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Hunter's request for an emergency stay of trial be **DENIED** and his application for federal habeas corpus relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.    28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[10]

New Orleans, Louisiana, this   25th   day of _____March_____, 2021.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

Courts provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

[10]   *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.